PER CURIAM.
This disciplinary proceeding by The Florida Bar against William B. Netzer, a member of The Florida Bar, is presently before us on complaint of The Florida Bar, conditional guilty plea, and report of referee. Pursuant to article XI, rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to article XI, rule 11.09(1) of the Integration Rule has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1. The Respondent, William B. Netzer, is and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On or about October 29, 1975, John Demmerle was served with a Summons and Complaint in Case No. 75-17355 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in which one Alice Ferris was seeking damages against Demmerle and others, based on a promissory note.
3. Mr. Demmerle took the Summons and Complaint to Respondent and employed Respondent to represent him in said action.
4. Respondent advised Mr. Demmerle that the matter would be handled by him and periodically advised him that the matter was being handled.
5. Respondent failed to handle the matter entrusted to him by Mr. Demmerle and failed to file any response or answer to the complaint, which resulted in a default being entered against Mr. Dem-merle, and a judgment entered thereon in or about February 1976.
6. In response to periodic inquiries, Respondent always assured Mr. Demmerle that things were being taken care of and that he should not worry.
7. Mr. Demmerle was not the primary obligor on the promissory note sued on and Demmerle requested that the Respondent advise the holder of the note and her attorney that the makers intended to sell the security for the note and depart the jurisdiction, so as to prevent Mr. Demmerle from having to pay for the note upon the default of the makers. Respondent failed to so advise.
8. Mr. Demmerle had advised Respondent of the various defenses he had to the note.
9. Mr. Demmerle did not learn of the entry of the default on the judgment until it turned up in a title search in or about April or May of 1978.
10. It was Respondent’s belief that he did not represent Mr. Demmerle in this matter, but Respondent can understand that Mr. Demmerle thought Respondent was representing him.
11. During the period of time of the facts in this Guilty Plea, Respondent was going through a very difficult dissolution of marriage proceeding.
12. Respondent is presently residing outside of the State of Florida and is not engaged in the practice of law.
13. In his Conditional Guilty Plea, the Respondent has pled guilty to having violated Disciplinary Rules 6-101(A)(2), *1105 6-101(A)(3) and 7-101(A)(2) of the Code of Professional Responsibility.
The referee recommends that Netzer be found guilty of violating disciplinary rules 6-101(A)(2) and (3) and 7~101(A)(2) of the Code of Professional Responsibility and recommends that he be suspended from the practice of law for a period of one year and thereafter until he is reinstated pursuant to article XI, rule 11.11 of the Integration Rule.
Having carefully reviewed the record, we approve the findings and recommendations of the referee. Accordingly, William B. Netzer is hereby suspended from the practice of law for a period of one year effective nunc pro tunc June 19, 1984 and thereafter until he is reinstated pursuant to article XI, rule 11.11 of the Integration Rule. Judgment for costs in the amount of $588.22 is hereby entered against Netzer, for which let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.